Home Detention may be imposed only as an alternative to incarceration. When incarceration cannot be imposed, home detention ceases to be an available alternative. Here, Mr. Watson's maximum possible sentence was 48 months imprisonment. Thus, when the District Court reached a combined sentence of incarceration and home detention of 48 months, it could go no further. Since the District Court did so by imposing a combined term of incarceration plus home detention of approximately 62 months, the District Court exceeded the maximum sentence by approximately 14 months. There's no difficulty, though, in having a combined sentence of incarceration plus home detention. I don't think it would be unusual for Congress to sort of read home detention, to read any one of those two options beyond the authority of the District Court. Your argument, as I understand it, is that the two things in combination cannot exceed the statutory maximum, not that one of the incarceration or detention is impermissible, nor is a combination of the two impermissible. They're not impermissible by themselves. They're not impermissible in combination. And the only thing that's impermissible is to use the two in a way that exceeds the statutory maximum. That is precisely correct, Your Honor. So in this case, home detention, in your view, could be seven months. Yes. Of 41 months incarceration, the max was 48. So 41 incarceration, seven months home detention, that was all legal. Absolutely. And the maximum of 14 months after that went beyond the authority. Absolutely, yes. It's the 14 months of home detention that exceeded the seven months of home detention that is illegal. We do not contend that the two are mutually exclusive, right, that you could impose only incarceration or home detention. We believe that you can impose both, and courts routinely do, at least certainly in my district. They routinely impose both, and there's nothing wrong with that. It's only once you get to the statutory maximum term of imprisonment. And that comes from the clause as an alternative to incarceration. Yes. So in our brief, we refer to that as the conditional clause, so they accept that, Your Honor. And our position is that in order for that provision to have effect, there must be some limitation. Available incarceration in order to be served as home detention. That's correct, Your Honor. There are many, many other conditions of probation that can be imposed as conditions of supervised release that have no term, that have no limit, essentially. You can require someone to work the entire time while they are on supervised release, for example. But to give the clause, the conditional clause, meaning, it must limit the court's authority in some way. And that, we argue, is the, again, the cap on the combined term of imprisonment. Once you can no longer impose a term of imprisonment, then you can no longer impose home detention further. So if the court, for example here, had varied upward and imposed a 48-month term of imprisonment, then no home detention could have been imposed. If the court had done what Mr. Watson had argued below, which was vary downward and impose a lesser term of incarceration, then there would be nothing wrong here as well with imposing that full 629-day term of home detention. It's only by going beyond the combined term that the sentence became illegal. Only going beyond the statutory maximum. Yes. The statutory maximum for imprisonment that the sentence became illegal. And that's the key, that the sentence, however, whatever elements and ingredients it has, the sentence cannot be above the statutory maximum. Correct. And it can only, of those two ingredients, Your Honor, home detention. Those two ingredients, Your Honor, home detention and incarceration. And Your Honor, that is, that is what the circuit. That's the whole case, isn't it? Yes. Perhaps it's a good thing at this point in time, since you've got some rebuttal time as well, but I understand your, we understand your argument. But I think it would be good to hear from Ms. Hoffman on this and then you will have some rebuttal time to whatever she says. Thank you, Your Honor. Is that okay? Yes, absolutely. Is that okay? That's fine. It's a tough case to make, isn't it? Yes and no, Your Honor. For the record, Andrea Hoffman on behalf of the United States. Your Honors, I actually. The United States is noble, right? Is noble? Yes. Yes, sir. Okay. I actually got one, asked once if the United States believes in justice, Department of Justice believes in justice, Your Honor. That's good too. That's like my question. It is, Your Honor. I actually don't think that it is as difficult as Your Honors have indicated that you feel it is this morning. Congress has been very clear that when it wants, what the defense counsel is arguing for is essentially an, I was going to say arithmetic, but I kicked the word out correctly, a mathematical formula be found in E4, 83583E4. And that that mathematical formula is the stat max minus this minus that equals the amount of home confinement that can be. It's not a formula. Basically what Congress said, and actually I looked at some of the statutory explanations for it too. What Congress was intending is that if a judge wants to allow some form of the available incarceration to be served at home, it can do so. But it cannot, it can only do so when home detention is in lieu of incarceration, as an alternative incarceration. So if the max, maximum sentence is 48 months, and the judge decides to give 48 months, he can't add home detention on that. It's not, there's no more available. But in this case, the judge gave 41 months against a maximum of 48, which means there is something, and the judge could have given seven months in addition to get up to the maximum. And that's not a formula, that's just a stay under the maximum sentence of incarceration. Because that clause at the end says only as, and So if incarceration is used up, you can't have home detention. But if there's some available incarceration that could be imposed but was not, the court could impose any amount of home detention up to the max. And in this case, we have probably, what, 14 months over, which is not a big deal, but it's a principle, right? Without question, we're talking about this 14 month window, Your Honor. We do not disagree. And I don't disagree with the court's premise that if there had been a 48 month sentence, we'd be in a different scenario. This court, albeit in unpublished opinions, has addressed this issue twice already. Yeah, but those cases, you mean Hager and Moses? No. I mean Strope and Wiggins. In Wiggins, this court had the exact appeal. It was a supervised release appeal. It had a 12 month sentence, a 24 month home confinement period, a 24 month statutory maximum imprisonment term. And this court found that this sentence was properly imposed. And under Hager, citing Hager and the congressional See, but Hager doesn't hold that. Hager says two things. Hager says, number one, that home, confinement at home is not an incarceration. It's a term of condition of supervised release. Number one. Number two, it's not an equivalent to incarceration. There are total differences between home detention and incarceration. And Hager made that point. But I don't think Hager addressed the point of the imposition as a condition of supervised release, that the condition could be imposed without underlying a predicate for an available incarceration. In other words, it has to only be as an alternative to incarceration. That's the words of the statute. Absolutely. And I think the in lieu term also works, Your Honor. But it also doesn't have to be day for day. Because the things are so different. Because Hager was so clear that incarceration and home confinement are not the same thing. They're not the same, but it's an alternative to it. It is. But there's nothing in the statutory provision that says it's a day for day alternative. What does it mean when it says only as an alternative to incarceration? There has to be a period of which you've chosen, as a judge, you've chosen not to impose the maximum amount of statutory imprisonment that can be imposed. And instead you're going to formulate a different incarceration in this context, envisioning it to be more considerate of the defendant. He's spending less time in prison. Isn't it fair to think that Congress wished its statutory maximum to hold fast? However it was exceeded, the one expression we have from Congress is the statutory maximum. And I think what Congress is saying there is, you know, if you can deprive an individual of his liberty, that you can only do that for a certain amount of time. You can't just stack this upon this after this and exceed the statutory maximum. That statutory maximum means that's the time you can deprive someone of their liberty. And whether you do it by incarceration or home detention, it's still a deprivation of liberty based upon the criminal process. And doesn't Congress, when it puts down that statutory maximum level, say, okay, this is it. You can use whatever combination of home detention and incarceration you wish, but just don't go above the maximum where deprivation of liberty is involved. And that's a reasonable view of the statute, isn't it? It is one reasonable view of the statute, Your Honor, and it is inordinately difficult to argue to you yourself, Your Honor, that Hagar said something a little different. But that's slightly the analysis that I drew from Hagar, which is obviously different than this panel is feeling at the moment, is that because they're not the same thing, we have a bucket here that's how we're going to supervise and manage this defendant after he's released from custody. Those are one set of things, and we're going to manage over here how he is handled in prison. But there's one characteristic, the home confinement provision, which has similar impacts to the defendant as this bucket does. But, Congress, they're clearly different, and Hagar makes that point clearly. They're clearly different, but the statute authorizes the judge to impose the home detention as an alternative for the clearly different incarceration, but only as a substitute for incarceration. And to give that meaning, I think what Judge Wilkinson said, basically, we're denying somebody liberty at different levels because they're totally different, but Congress wanted to group those so that you wouldn't have a statutory maximum with respect to the deprivation of liberty. I guess that's what I see there, and I'm not sure how you get around that only as an alternative to incarceration. If your interpretation was correct, that clause would not be needed. The court could have simply imposed home detention as it wished. This court in both Strope and Wiggins found differently, Your Honor. Again, let me be clear, unpublished opinions. But in Strope, which was a direct appeal, you had a sentence that was 57 months with a 6-month home confinement and a 60-month statutory maximum sentence, and this court found that that sentence was appropriate. It was also, ironically, on a motion to correct sentence in Rule 35. The opposing counsel makes the point that you have three circuits out there that are not in agreement with your position? That's not entirely correct, Your Honor. Defense counsel relies on Hall, which is not on point. Hall is a statutory maximum sentence. He got, I'm forgetting the number right this second, but let's just say it was a 48-month sentence. He got 48 months. What are you saying? You only have two circuits against you? There's really only one circuit, which is the Fifth Circuit. It's Ferguson, a fairly old case that the Fifth Circuit declined to expand upon in Polydor, and, in fact, the concurrence of which Berry forcefully says is wrongly decided. So it has evidentiary facts. Ms. Hoffman, but don't they in Hall go through and distinguish Hager? They refer to Hager in Hall. They do. And say why it's different, and they get into this whole conversation regarding word alternative versus equivalent? They absolutely do, Your Honor, all of which is discussion is dicta in Hall. It is not even binding in its own jurisdiction, let alone should be under this court's law, under U.S. v. Green, we shouldn't turn to the sister circuits to look for guidance if there's any controlling authority within this district. I just have so much trouble thinking that if the court imposes a maximum sentence of incarceration of 48 months and then decides to add another two years of home detention as a condition of supervised release, that that can be done under a statute which says that home detention can only be as an alternative to incarceration. And I do understand that, Your Honor. The argument I can present to you is the one that I started, and I don't know if I fully— That's crucial, isn't it, what Judge Niemeyer just said, that the terms only and alternative, that doesn't mean in addition to. It means as an alternative to. And there's no reason to suppose that those alternatives can be juggled in a way and combined in a way that doesn't exceed the statutory maximum. But when Congress is saying only as an alternative to, and that means not in addition to, we've got to accord that language some effect, don't we? I do understand that, Your Honor. And the only way that my view and your view can square together at all is that it's not a day-for-day calculation. No, it's not. Under your analysis, it's a day— It's not, but if you want, your position clearly allows for home detention to be in addition to a maximum sentence of incarceration. It does, Your Honor. And that fails to take into account that clause. You can't have that clause at the end which says only as an alternative to incarceration. And so you're basically—give no meaning to that. I would disagree with you there, Your Honor, only in that if this had been a 48-month sentence, defense counsel and I would be making the same argument. Of course. You would say that the home detention is appropriate even if you gave 48 months. No, I would not, Your Honor. Why? Because it needs to be in lieu of something. I do agree. It does need to be in lieu of something. But the court chose to not make the maximum sentence and to use its discretionary— Oh, so the court could have given, in this case, could have given 47 months imprisonment and then imposed two years of home detention under your interpretation? Yes, Your Honor. Okay. It would. It would. All right. Anything further? No, Your Honors. Thank you very much.  Thank you. Counsel, do you have anything to add? What more can you say? I just want to clarify one point briefly, which is that my friend said that Hall is not a statutory maximum case. It's not a situation. Your Honors, I would disagree with that. At 64, fed forth at 1201, the 11th Circuit said that the district court sentenced Hall to the statutory maximum of two years imprisonment and added one year of home confinement. So, it is this situation as well, where you have home confinement in excess of the combined term of supervised—of home detention and imprisonment that could be imposed. And so, with that clarification, unless there are further questions from the court, we would ask this court to vacate and remand with instructions that Mr. Watson not be sentenced to more than 48 months combined home detention and incarceration. Hall, do you have any further? No, I'm fine. Deet, do you have any further questions? I have no further questions. Oh, we have no further questions. Thank you. We thank you both, and we will greet counsel and come down and shake hands with everyone. We will adjourn court. Signee die. This honorable court stands adjourned. Signee die. God save the United States and this honorable court.
judges: J. Harvie Wilkinson III, Paul V. Niemeyer, DeAndrea Gist Benjamin